UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JERRY QUINN McKOY,

                  Plaintiff,

        - against -

SUFFOLK COUNTY CORRECTIONAL
FACILITY and JOHN DOE OFFICERS # 1-5,

                  Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-1873

PAMELA K. CHEN, United States District Judge:

On April 5, 2021, Plaintiff Jerry Quinn McKoy, then detained at the Suffolk County Correctional Facility ("Correctional Facility"), filed this *pro se* action against the Correctional Facility and John Doe Officers # 1–5, pursuant to 42 U.S.C. § 1983, alleging that he was injured at the Correctional Facility. The Complaint is hereby dismissed in its entirety without leave to amend.

## BACKGROUND

Plaintiff alleges that while detained at the Correctional Facility, he slipped and fell on a wet floor outside of his cell and suffered injuries to his right arm, elbow, shoulder, and hip, for which he received medical attention. (Dkt. 1, at 2, 4.) Plaintiff asserts that the John Doe Officers violated his rights by failing to properly perform their duties to maintain a safe environment. (*Id.* at 4.) Plaintiff seeks $5 million each in punitive and compensatory damages and requests that officers be trained in their duties. (*Id.* at 5.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner

1

seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. The district court shall *sua sponte* dismiss a prisoner complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Complaints filed by *pro se* litigants are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## DISCUSSION

Plaintiff has failed to state a claim to maintain an action under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

Prisoners and detainees have constitutionally protected rights to receive humane conditions of confinement, including adequate food, clothing, shelter, medical care, and security. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, and is applicable to state detainees through the Due Process Clause of the Fourteenth Amendment. However, Plaintiff has not alleged facts that suggest a violation of these rights. At most, Plaintiff's allegations about injuries caused by water on the floor may suggest a state law claim for negligence. Merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law. *See Daniels v. Williams*, 474 U.S. 327, 332–33 (1986) (due process protections are not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (although official's negligence led to serious injury, the Constitution requires no procedure to compensate injury arising from negligence); *Brown v. New York City Dep't of Corr.*, No. 17-CV-420 (BMC), 2017 WL 473874, at *2 (E.D.N.Y. Feb. 3, 2017) ("[C]ourts have routinely found that allegations of a wet floor that cause a prisoner to slip and fall at most support a finding of simple negligence, and therefore do not reach the level of a constitutional violation required for a § 1983 claim." (citing cases)).[1] Accordingly, Plaintiff's claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. §1915(e)(2)(B)(ii).

The Court has considered affording Plaintiff a chance to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so because it views the

---

[1] Even liberally construed, Plaintiff's Complaint does not allege that the medical care he received after he slipped and fell was inadequate, which, in any event, would only give rise to a constitutional claim if the care providers were "deliberately indifferent." *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

opportunity as futile since a review of the Complaint does not suggest that Plaintiff has inadequately or inartfully pleaded any potentially viable claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed for failure to state a claim without leave to amend. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 12, 2022
　　　Brooklyn, New York